IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER AJAYI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 3:12-cv-284-M-BN |
| | § | |
| WALGREEN CO., | § | |
| | § | |
| Defendant. | § | |

**AGREED CONFIDENTIALITY AND PROTECTIVE ORDER
AS TO SPECIFIC DOCUMENTS**

Before the Court is the joint motion of the parties for the entry of a confidentiality and protective order. Because the parties have agreed that the documents described in paragraph 1 should be designated as "Confidential," and after conferring on December 6, 2012 with counsel for both parties by telephone regarding the terms of the parties' proposed agreed order and certain modifications that the Court would make thereto, the Court enters this Agreed Confidentiality and Protective Order ("Protective Order") and ORDERS as follows:

1. **Identification of Confidential Documents**: The Parties have identified the following documents that should be marked and treated as "Confidential" for purposes of concluding discovery: (a) Confidential and private documents that Defendant intends to produce that identify the dates of birth of Walgreen employees who worked as pharmacists in store 4293 from January 12, 2010 through December 31, 2010; (b) Tax returns of Immaculate Healthcare Services, Inc. filed with the IRS that Plaintiff

-1-

intends to produce. Such documents (referred to herein as "Confidential Documents") will be marked with the words "Confidential" and will be treated as "Confidential" based on the terms and conditions described in this Protective Order.

2. **Use of Confidential Documents**: All Confidential Documents provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation for trial, motions, trial, and appeal(s) of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms and procedures herein. Any Qualified Person in possession of Confidential Documents shall maintain said Confidential Documents in a reasonably secure manner so as to avoid disclosure of their contents outside of this litigation.

3. **Disclosure to Qualified Persons**

a. *To Whom Confidential Documents May Be Disclosed.* Confidential Documents shall not be disclosed or made available by the receiving party to persons other than Qualified Persons, except as provided herein, or except as is necessary to comply with applicable law(s) or the valid order of a court of competent jurisdiction; <u>provided, however,</u> that in the event of a disclosure compelled by law or by court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and the receiving party shall seek a

protective order or order regarding confidential treatment of such information.

b. *Retention of Copies During this Litigation.* Any documents produced in this litigation, marked "Confidential," that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person, and only necessary working copies of any such documents shall be made. Copies of documents and exhibits marked "Confidential" may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

4. **"Qualified Persons" means**:

a. retained counsel for the parties in this litigation and their respective staff;

b. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Confidential Document to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

c. this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

d. either party;

e. litigation vendors, court reporters, and other litigation support personnel; and/or

f. any person who was an author, addressee, or intended or authorized recipient of the Confidential Documents and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Documents but not retain a copy.

5. **Unintentional Disclosures:** If a receiving party learns of any unauthorized disclosure of Confidential Information or Documents, the party shall immediately, upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

6. **Use in Examination and Motions:** Nothing in this Protective Order prevents any counsel of record from using Confidential Documents in motions filed with the Court in this Litigation or in the examination or cross-examination of any person who testifies at the trial of this matter provided that the terms of this Protective Order are adhered to.

7. **Manner of Use in Proceedings:** Documents produced in this case may be used at trial without any restrictions or prior order of the Court. Documents marked as "Confidential" shall be filed under seal with the Court in connection with any motion, response, or reply to any motion consistent with Paragraph 8 below.

8. **Filing Under Seal:** To file a Confidential Document with the Court under seal, the filing party must comply with the requirements of Northern District of Texas Local Civil Rule 79.3(b) and should specifically explain in the motion to seal that the sealing request is based on the inclusion or incorporation in the filing of documents marked as "Confidential" under this Protective Order's terms.

9. **Return of Documents:** Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential Documents, all reproductions of such Documents, and any notes, summaries, or descriptions of such information or documents in the possession of any of the persons specified in paragraph 3 shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information and documents, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential Documents.

10. **Advice to Clients:** This Protective Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Confidential Documents produced or exchanged under the terms of this Protective Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Documents produced by another party if such disclosure would be contrary to the terms of this Protective Order.

11. **Duty to Ensure Compliance:** Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such

person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

SO ORDERED.

DATED: December 6, 2012

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE


Agreed to by:


/s/ Fred Gaona III
    Fred Gaona III
    Texas Bar No. 24029562
    Merrill Walls Daily
    Texas Bar No. 24053700

**SPENCER CRAIN CUBBAGE
  HEALY & McNAMARA, pllc**

    1201 Elm Street, Suite 4100
    Dallas, Texas 75270
    Telephone:  (214) 290-0000
    Facsimile:   (214) 290-0099

**ATTORNEYS FOR DEFENDANT
WALGREEN CO.**

/s/ Durwood D. Crawford
Durwood D. Crawford
State Bar No. 05021000
**GOINS, UNDERKOFLER, CRAWFORD
  & LANGDON, LLP**
1201 Elm Street, Suite 4800
Dallas, Texas 75270
213-969-5454
214-969-5902 (fax)

**ATTORNEYS FOR PLAINTIFF
CHRISTOPHER AJAYI**